law library

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,                    )        CRIMINAL CASE NO. CF0281-09
                                       )
            vs.                        )
                                       )
                                       )
SERAFIN REYES PABLO,                   )        **DECISION AND ORDER**
                                       )
                   Defendant.          )
                                       )
                                       )

This matter came before the HONORABLE VERNON P. PEREZ on February 22, 2013 on Defendant's Motion to Dismiss. Attorney Howard Trapp appeared on behalf of the Defendant, who was present. Attorney Matthew Heibel appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with two counts of Second Degree Criminal Sexual Conduct as a first degree felony and two counts of Child Abuse as a misdemeanor. Defendant requests dismissal of the entire indictment as he argues that the indictment fails to charge an offense. This Decision and Order will address the Motion to Dismiss.

## DISCUSSION

### Effect of Superseding Indictment

The Superseding Indictment in this case was filed shortly after the Motion to Dismiss was taken under advisement by the Court. By ruling that the original indictment should be dismissed, the Court would still not resolve the new indictment. Therefore, the Court will apply the Motion to Dismiss and Opposition to the Superseding Indictment and consider the Motion to Dismiss moot as it applies to the previous indictment.

### Motion to Dismiss

Defendant moves to dismiss this case on the grounds that the Government failed to provide what sexual contact occurred regarding the first two counts and failed to provide

sufficient facts for the last two counts. In opposition, the Government contends that dismissal is not warranted because the indictment is sufficient. The Government also contends that Defendant was adequately noticed of the nature and cause of the accusations such that a defense may be prepared.

Standard

8 GCA §55.10(a) provides:

> The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall be signed by the prosecuting attorney. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. (2010).

In Guam, felony offenses are prosecuted by grand jury indictment. 8 GCA §1.15. The Organic Act of Guam states "[i]n all criminal prosecutions the accused shall have the right... to be informed of the nature and cause of the accusation and to have a copy thereof...". Organic Act of Guam § 1421b(g); *See also* 8 GCA § 1.11(c). During grand jury proceedings, the prosecutor is the only person authorized to present evidence to the grand jury and the grand jury must receive sufficient competent evidence to support the charges. *See* 8 GCA §§50.46 and 50.42.

Dismissal of the indictment is considered a drastic step and is generally disfavored as a remedy. *See U.S. v. Rodgers*, 751 F.2d 1074, 1076-77 (9th Cir. 1985); *People v. Muna*, 999 F.2d 397 (9th Cir. 1993). Once an indictment is returned, a party challenging it bears a difficult burden and must demonstrate either that any errors in the indictment process deceived the grand jury, or significantly infringed upon its ability to exercise independent judgment. *See U.S. v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983); *U.S. v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982). Dismissal of the indictment prior to trial based on errors in the grand jury proceedings is warranted only upon showing that the defendant is prejudiced by the error. *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988); *see also People v. Muna*, 1992 WL245624, (D. Guam App. Div. 1992). Prejudice is demonstrated if it can be established that the violation substantially

influenced the grand jury's decision to indict or if there is grave doubt that the indictment was free from substantial influence of such violations. *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 255 (1988).

After reviewing the charges, the Court must determine whether evidence was presented to the grand jury sufficient to formulate reasonable cause to believe that the alleged crimes were committed and that Defendant committed them. Guam law requires sufficient competent evidence to support an indictment. Courts have consistently interpreted competent evidence as evidence that a reasonable person would rely on in conducting his or her daily affairs. *See People v. Avelino*, CF0435-01 (Super. Ct. Guam October 2002) (quoting *People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987)). A felony prosecution requires an indictment based upon a probable cause determination by a grand jury. *People v. Villapando, et al.*, 1999 Guam 31. Determining "whether probable cause exists requires a 'practical, common-sense' decision based on the totality of the circumstances, including the veracity, basis of knowledge and reliability of the information provided by informants." *U.S. v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005) (citing *Illinois v. Gates*, 462 U.S. 213, 214 (1983)).

The Court has reviewed, in detail, the proper standards relating to Defendant's request to have the case dismissed. Here, the Superseding Indictment specifically states in both counts of Charge One that Defendant committed the sexual contact by "causing his hand to touch the breast" of the Victims. Charge One apprises Defendant of the nature and cause of the accusation in satisfaction of the Organic Act of Guam. *See* § 1421b(g). The grand jury could have found reasonable cause to believe that the indictable offenses had been committed. Most importantly, the current version of Charge One allows the Defendant to prepare a defense. Charge Two, however, in the Superseding Indictment fails to present any facts to support a claim for child abuse. The Court will not apply the facts in Charge One to Charge Two and as a result, the allegation of two counts of Child Abuse goes without any factual support. The Court is not sure what form the child abuse allegedly occurred or how the children were allegedly endangered. While the Court acknowledges that the sexual conduct allegedly occurred on the

same day as the alleged endangerment, those facts would need to be replicated in Charge Two to survive dismissal.

The Court also considered the submission by Defendant of Superior Court case CF0462-09. The Court recognizes that the standard required the court, in that case, to dismiss the indictment based on the bare bones indictment and that brother court decisions are merely persuasive. Yet, the language in the Superseding Indictment is bare bones as to Charge Two, Counts One and Two. While the Superseding Indictment makes Defendant aware of the underlying factual allegations in Charge One, it fails to do so in Charge Two. Thus, sufficient probable cause exists for the Superseding Indictment to survive dismissal, buy only as to Charge One. The Court must deny Defendant's Motion to Dismiss as to Charge One and grant as to Charge Two.

As the Court finds that Criminal Sexual Conduct could have occurred based on the Superseding Indictment, according to the probable cause standard, the Court will continue this case to trial. The elements of Child Abuse cannot be met as currently charged and will be dismissed without prejudice as no actual prejudice has been proved by Defendant.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss as to Charge One, Counts One and Two. The Court GRANTS Defendant's Motion to Dismiss as to Charge Two, Counts One and Two. The Parties will return March 27, 2013 at 10:00a.m. for a pre-trial conference.

So ORDERED this 15 day of March, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

*Julia AG's office*
*03/15/13 4:48pm*

*Left voicemail*
*message on 03/15/13 4:57pm @*
*Howard Trapp's office*

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

MAR 18 2013

Therese M. Blas
Deputy Clerk Superior Court of Guam